WILLARD N. BELDEN and Others, Substituted Plaintiffs in Place of DUANE E. BELDEN, Deceased, Plaintiffs, *v.* CITY OF NIAGARA FALLS, Defendant.

Supreme Court, Niagara County, April 7, 1930.

*Percival M. White* [*H. H. Bacon* of counsel], for the plaintiffs.

*George W. Knox, Corporation Counsel,* for the defendant.

CHARLES B. WHEELER, Official Referee. This action was originally brought by Duane E. Belden, now deceased. The issues were referred to this referee to hear, try and determine. The action was tried and finally submitted to the referee, but before the referee had rendered any decision the plaintiff Duane E. Belden died, leaving a last will and testament which has been duly admitted to probate, in and by which will he devised to the present plaintiffs the real property described in and referred to in the complaint.

The present plaintiffs thereupon made a motion at a Special Term of this court to be substituted as plaintiffs in the place and stead of the said Duane E. Belden, and by an order of this court, dated the 1st day of April, 1930, such substitution was ordered.

This action is brought to restrain the defendant from changing the names of certain streets in the former village of LaSalle now united to and incorporated into the city of Niagara Falls.

The former plaintiff, Duane E. Belden, owned a tract of land at LaSalle. He plotted the tract, opened streets through it and divided it into lots fronting on these streets. He sold off from time to time many of these lots, and purchasers erected dwellings on them. He still owned unconveyed lots fronting on these streets. He laid sidewalks, did some grading, and put in water pipes and things of that character. These acts on his part amounted to a dedication of the streets to public use so far as the abutting owners are concerned, but until April, 1926, Duane E. Belden made no conveyance of the fee of the streets to the village of LaSalle. The village authorities, however, wished to acquire this fee, and entered into negotiations with the owner in an effort to acquire the fee. Finally Mr. Belden offered to convey the fee for $1,000, provided the names given the streets in question should remain unchanged. The board of village trustees voted to accept the proposition. Belden executed a deed to the village conveying to it these streets, and in the deed of conveyance incorporated the following provision, to wit: " It is hereby understood and agreed that Lynch, Duane, Hopkins, Norman and Belden Avenues shall not be renamed."

The village paid the $1,000, accepted the deed and placed the same on record.

The corporation counsel for the city of Niagara Falls contends this agreement not to rename streets was without consideration. In this contention the referee cannot agree. Mr. Belden first

offered to convey for $3,000, but subsequently reduced the price to $1,000 on condition the streets should not be renamed. The reduced price was doubtless in consideration of the covenant not to rename.

Subsequently, pursuant to an act of the State Legislature (Laws of 1927, chap. 530), the village of LaSalle was incorporated into and became a part of the city of Niagara Falls. The council of the city of Niagara Falls subsequently adopted a resolution proposing to change the names of certain streets. Among others the names of Belden, Hopkins, Lynch, Duane and Norman avenues, streets conveyed to the village of LaSalle by Belden by his deed of April 14, 1926.

This action is brought to restrain the change. The referee is asked to dismiss the complaint on various grounds. It is urged there was no valid or sufficient consideration for the agreement contained in the deed; that the agreement is void; that the agreement is not to be deemed a condition either precedent or subsequent; that it does not appear the plaintiff has not an adequate remedy at law, and to restrain a change would be inequitable and in its discretion the court should not enjoin.

The referee agrees with the proposition that the clause contained in the deed does not create either a condition precedent or subsequent. The vesting of title to the streets does not depend on its observance. Its violation does not and will not operate to work a forfeiture of title.

There are no words to that effect in the deed. Nevertheless the words quoted constitute an agreement between the plaintiff and the village that the streets in question shall not be renamed. It is a valid agreement and cannot be said to be against public policy. The village assented to the terms imposed when it voted to accept the plaintiff's proposition and accepted the deed containing the agreement made.

The negotiation for the purchase of the fee of these streets was conducted with Mr. Belden by Mr. Northrup who was authorized to act for the village. There can be no question that the proposition made by Mr. Belden to Mr. Northrup was expressly made upon the condition that the streets in question should not be renamed, and the covenant incorporated in the deed correctly stated the terms of the prior verbal agreement or proposition made.

Mr. Northrup reported the result of his negotiations to the village board of trustees and testified in so doing he stated to them that the offer was conditioned on the names of the streets remaining unchanged. On the other hand, members of the village board were called as witnesses for the defendant and testified they had

no recollection of Mr. Northrup informing them of the condition imposed by Mr. Belden, and had no knowledge that Mr. Belden's deed subsequently made contained the agreement in question. Nevertheless the deed in fact contained the covenant in question. Mr. Belden was under no legal obligation to convey without it. The deed was put on record. The village of LaSalle and the city of Niagara Falls has known of its provisions. It has not repudiated the deed. They have not offered to reconvey, but retain all the benefits conferred. The city simply seeks to be relieved of one of the conditions and burdens imposed in the deed. We deem it fundamental that the city cannot accept the benefits and repudiate the obligations imposed. It cannot affirm in part and repudiate in part, and having accepted and retained the deed with no offer to reconvey the city is bound by the covenants and agreements contained in it, and cannot now take the position that the village or city never assented to them. In *City of Cohoes* v. *Delaware & H. C. Co.* (134 N. Y. 397, 405), Judge VANN, speaking for the Court of Appeals, said: "An offer to dedicate land for the purpose of a highway may be qualified or made subject to a certain burden, and if it is accepted *cum onere*, the burden continues, but the land becomes a highway notwithstanding. *After acceptance there is no power to increase the burden* or to revoke the dedication, except according to the terms of the reservation."

It cannot be said that the agreement was without consideration. Mr. Belden conveyed all his rights incident to the ownership of the fee of the streets in question for $1,000 coupled with the agreement on the part of the village not to rename these streets. This agreement was part of the consideration for the conveyance by the plaintiff. We can discover no good or sufficient reason why the village or its successor, the city of Niagara Falls, should not live up to and keep its agreement, like any other valid agreement.

As was said in *City of Cohoes* v. *Delaware & Hudson C. Co.* (134 N. Y. at p. 405): "After acceptance [*i. e.*, of streets] there is no power to increase the burden or to revoke the dedication, except according to the terms of the reservation." (Citing cases.)

So we take it that the defendant has no legal right to vary or repudiate the agreement made. Indeed, it appears that the act of the Legislature (Laws of 1927, chap. 530, § 400), being an act for the consolidation of the city of Niagara Falls and the village of LaSalle, provides: " The rights and privileges of all persons or parties which may have arisen or accrued under, pursuant to or by reason of any contract, ordinance, rule or regulation or otherwise with said village or said city, shall be and remain the same under this act as they would have been under the law and statutory provisions relating to said

village or said city of Niagara Falls, New York. All the rights and liabilities of said city and village respectively in respect to all persons whomsoever existing at the time this act takes effect in full shall be in no wise affected or changed hereby and shall be enforceable by or against said city."

The rights of the parties, therefore, remain unchanged by the consolidation of these municipalities.

If this provision means anything, if it is not an idle declaration, it means that the contract rights of parties either with the village or city as they existed at the time of the merger of the two municipalities were neither to be enlarged or impaired in any way by such merger. In other words, the enlarged city of Niagara Falls created by the annexation of the village of LaSalle has no greater or different rights than the village itself had if it had continued its distinct corporate existence, and the rights of the parties must be measured and determined just as though the village itself were here the party defendant instead of the city of Niagara Falls.

The argument is advanced by the able corporation counsel who appears for the defendant that since the incorporation of the village of LaSalle into the city of Niagara Falls the situation has changed, and inasmuch as the village is now a part of the city uniformity is advisable and should prevail in the naming and numbering of the streets within its corporate limits, and, therefore, equity should not interfere to restrain the naming of these streets.

The argument would have greater force but for the express provision of the legislative act, which declares: "All the rights and liabilities of said city and village respectively in respect to all persons whomsoever existing at the time this act takes effect in full shall be in no wise affected or changed hereby and shall be enforceable by or against said city."

Let us suppose then the village had undertaken to change the names of the streets in question. Could it legally do so in view of its express agreement that these streets should not be renamed? There is no evidence that the situation at LaSalle has in any way been changed. Would it be any answer for the village to allege that the former city of Niagara Falls had adopted a system of naming streets by number and it was, therefore, advisable the numbering should be continued so as to include streets in the village? If that could be legally done then the village could have changed the street names the next day after the contract not to do so was made.

The referee is of the opinion that some force and effect must be given the statute quoted, and when so considered in connection with the facts and circumstances of this case forbids such a change at least at the present time.

Mr. Belden may have attached a fanciful value and importance to the right to have the old street names retained, but he evidently thought it was an advantage to him, for he reduced the price to be paid by the village from $3,000 to $1,000, provided the street names should remain unchanged. And to this the village assented by accepting the deed with that provision in it, and by retaining the title to the fee of the streets so acquired.

We are of the opinion that equity will retain jurisdiction to grant sufficient relief. (*Storm* v. *Bennett*, 91 Hun, 302; *Kilbourn* v. *Sunderland*, 130 U. S. 505, 514.)

Of course, the agreement to retain the name of streets is a peculiar one. The exaction of such a covenant from the village may have been in part a matter of sentiment to perpetuate the Belden name in connection with the development of the tracts which he handled and developed, but it probably has some advantage as an advertisement of his business and activities. Belden testified he had expended $25,000 in advertising the property on these streets. The referee can only say that it is quite apparent that in an action at law simply for damages it would be exceedingly difficult (if not impossible) to measure the damages sustained, and only a decree restraining the violation of the covenant would furnish adequate relief, and accomplish the purposes sought by the agreement.

The defendant contends that the court should deny the injunctive relief demanded; that the renaming of the streets in question is made pursuant to a general system obtaining in the city of Niagara Falls by which streets are named and designated by numbers and public convenience makes this desirable, thus enabling the public to know in what section of the city a given street lies. Do such considerations justify a violation of the covenant made with the plaintiff not to do what the city proposes doing?

The referee recognizes the rule that to a certain extent the granting or withholding of injunctive relief is a matter of discretion.

Equity will not as a rule enforce a covenant where subsequent events will make its performance onerous. (*Doyle* v. *Olson Realty Co.*, 132 App. Div. 200; *Trustees of Columbia College* v. *Thatcher*, 87 N. Y. 311; *Knoth* v. *Manhattan Ry. Co.*, 187 id. 243.)

We are unable to see that such a situation is presented in the instant case. Conceding the system adopted by the city the better one, the retention of the old names does not appear to the referee to cast any serious burden on any one, and we can see no substantial reason why the city should not keep the agreement deliberately made by the village of LaSalle with the plaintiff, supported as it is by a sufficient consideration.

As a matter of fact the old village of LaSalle is some distance

from the former east city line of Niagara Falls, that is, there is quite a distance between the two which is not built up. The continuity of the two places is broken for a considerable distance by vacant property.

In Pomeroy's work on Equity Jurisprudence the author lays down this rule at section 1338: "Wherever a right exists or is created, by contract, by the ownership of property or otherwise, cognizable by law, a violation of that right will be prohibited, unless there are other considerations of policy or expediency which forbid a resort to this prohibitive remedy.

" The incompleteness and inadequacy of the legal remedy is the criterion which under settled doctrine determines the right to the equitable remedy of injunction."

If we apply this rule to the present case it becomes apparent that an action at law for damages would be an incomplete and inadequate remedy for a breach of the contract, and utterly fail to compensate the plaintiff, or effect the purpose of the agreement made, arising out of the difficulty of establishing and determining in dollars and cents the amount of such damages. Any award made would be of necessity the purest guesswork, and all the more difficult if the perpetuation of names was one of the objects sought to be obtained.

The streets in question are each nearly a mile in length and a very large portion of the lots fronting on them still remains undisposed of. The referee is unable to say that these names and their continued use are of no value for advertising purposes in aid of their sale.

The plaintiff contends they have such a value. Belden testified he had expended some $25,000 in advertising these properties as located on the streets named. There may be some advantage to the city in having a prevailing uniform system of numbering its streets, but it is difficult to see that that counterbalances the plaintiff's claim to the continued use of the old names or justifies the repudiation of the agreement made with the plaintiff, especially in view of the provisions of the act authorizing the merger of the two municipalities declaring that " any contract * * * with said village or city, shall be and remain the same under this act as they would have been under the laws and statutory provisions relating to said village or said city of Niagara Falls * * *."

The situation of the parties at least does not appear to have materially changed since the deed in question was given.

It sometimes happens that owing to the growth of a district and a change in its general character it becomes inequitable to enforce covenants touching the use of lands abutting on streets and con-

fining their use to certain specific purposes. In such cases courts of equity refuse to enforce such covenants. However, in the present case the referee is unable to discover any such changed conditions.

We, therefore, reach the conclusion that the plaintiff is entitled to the injunctive relief asked, with costs of this action.